Charles Burnett, Appellee, v. Illinois Agricultural
Mutual Insurance Company, Appellant.

Gen. No. 42,413.

Opinion filed May 5, 1943.

KIRKPATRICK, MATHIAS & MELOY, of Chicago, for appellant; HARRY MELOY, of Chicago, of counsel.

SEAGO, BRADLEY & VETTER, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This cause was submitted to the circuit court of Cook county as an agreed case, pursuant to our Rule

23, and Supreme Court Rule 48. Defendant, the Illinois Agricultural Mutual Insurance Company, issued its policy of insurance No. 58371 to plaintiff, Charles Burnett, and on December 10, 1940 a six months' premium was paid, continuing the policy in effect to June 10, 1941. A clause of the policy reads: "This policy may be cancelled at any time by the insured by written notice to the company at its home office at Chicago, Illinois, or may be cancelled by the company by giving at least five days' notice in writing of such cancellation mailed to the insured at the address stated in the policy which shall be sufficient notice. . . . If this policy shall be cancelled as herein provided, or become void or cease, the cash premium having been paid, the unearned portion of such cash premium shall be returned on surrender of the policy, the company retaining the customary short rate, except that when this policy is cancelled by the company by giving notice it shall retain only the pro rata cash premium. The check of the company, mailed to the insured at his last post office address as shown by the records of the company, or mailed to the County Farm Bureau in Illinois, through which insured was last qualified for membership in the company, as his agent for delivery to him, shall be a sufficient tender of unearned cash premium." On April 11, 1941 the defendant mailed and the plaintiff received the following letter:

"This letter is regarding your automobile insurance. As you know, insurance in this Company is only available to members of the Farm Bureau of Illinois who are in good standing or dependent members of his family living at home. If our records are correct in this matter the membership in the Farm Bureau which entitles you to this insurance is not in good standing as of this date. We hope that we will not be obliged to cancel policy #58371 which you hold in this Company because of this fact.

"We must, however, advise at this time that if you do not renew your affiliations or reinstate your membership in the Farm Bureau, it will become our duty to cancel the above mentioned policy. We are, therefore, notifying you that at 12:01 Central Standard Time, on May 11, 1941 this policy will be cancelled unless we are advised before that date that you have renewed the membership which entitles you to this insurance. We hope that you will call at the Farm Bureau office and renew your affiliations with your County Farm Bureau before the above mentioned date, if you have not already done so.

"If this policy is cancelled on the date mentioned herein and there be any return premium due you on account of such cancellation this premium will be sent to you at which time you should forward your policy to this office for our file."

On May 12, 1941 plaintiff's motor vehicle described in the policy, the operation of which was insured, was involved in a collision and the damages sustained amounted to $693. If said policy were in effect on that date, the defendant would owe the plaintiff $678, in accordance with the terms of the policy and certain action of the defendant's board of directors limiting the amount deductible in collision losses. On May 14, 1941 defendant wrote plaintiff stating that it had been obliged to cancel the policy in accordance with its letter of April 11th, and inclosed a check for the unearned premium and dividend in the amount of $4.40. The parties are in agreement that the amount of $4.40 so tendered was the correct amount of pro rata premium and dividend for the period from May 11, 1941 to June 10, 1941 and that the plaintiff refused to accept the check and tendered it back. The defendant raised no question as to the amount of the loss, compliance by plaintiff with the notice of loss and other provisions of the policy, but declines to pay the loss, basing its refusal on its contention that the policy was canceled

as of 12:01 Central Standard Time on May 11, 1941. The parties stipulated that the points of law at issue between them are: (1) Is the letter of April 11, 1941, sent by defendant to plaintiff, a sufficient notice of cancellation? (2) Under the provisions of said policy relating to cancellation, was the payment or tender of pro rata premium by defendant to plaintiff in this case a condition precedent to the effective cancellation of said policy at 12:01 a. m. Central Standard Time, May 11, 1941? The trial court decided that the letter of April 11, 1941 was insufficient and that the payment or tender of the pro rata premium by defendant to plaintiff was a condition precedent to the effective can-. cellation of said policy at 12:01 a. m. Central Standard Time on May 11, 1941. The court thereupon entered judgment for the plaintiff in the sum of $678 and costs. Defendant appeals.

Defendant maintains that the court erred in holding that the letter of April 11, 1941 from defendant to plaintiff was not sufficient notice of cancellation of the policy and plaintiff resists this contention. We agree with defendant that the notice by the insurer to the insured need not be in any particular form in the absence of a statute or policy provision prescribing such form and that the notice is sufficient so long as it positively and affirmatively indicates to the insured that it is the intention of the company that the policy shall cease to be binding as such upon the expiration of the stipulated number of days from the time when this intention is made known to the insured. Defendants assert that the plain implication of the letter was that the policy would be canceled on May 11th, but that the notice could be disregarded if the plaintiff renewed his Farm Bureau membership before that time, and insist that plaintiff was unequivocally notified that the policy would be canceled. Defendant also states that plaintiff has never contended that he misunderstood the letter of April 11th, but simply argues that tech-

nically it was not a sufficient notice. We have read the cases of *Stryzewski v. American Motorists Ins. Co.*, 286 Ill. App. 613 (Abst.) and *Colonial Assur. Co. v. National Fire Ins. Co.*, 110 Ill. App. 471, cited by defendant. We have also read the cases of *McNellis v. Aetna Ins. Co.*, 176 Ill. App. 575, and *Fisher for use of Kiniry v. Associated Underwriters, Inc.*, 294 Ill. App. 315, cited by plaintiff. To determine whether the letter positively and unequivocally indicated to plaintiff that it was the intention of the defendant that the policy should cease to be binding at 12:01 a. m., May 11, 1941, it is necessary to examine the letter in its entirety. The letter states that the insurance was available only to members of the Farm Bureau of Illinois who are in good standing, "or dependent members of his family living at home." Then follows the statement that "if our records are correct in this matter the membership in the Farm Bureau which entitled you to this insurance is not in good standing as of this date." This statement expresses a doubt as to whether the plaintiff was a member of the Farm Bureau. The letter further states: "We hope we will not be obliged to cancel policy #58371, which you hold in this Company because of this fact." Then follows the statement that "if you do not renew your affiliations or reinstate your membership in the Farm Bureau, it will become our duty to cancel the above mentioned policy." The letter continues with the more positive statement that "at 12:01 a. m. Central Standard Time, on May 11, 1941 this policy will be cancelled unless we are advised before that date that you have renewed the membership which entitles you to this insurance." Defendant then expresses the hope that plaintiff will call at the Farm Bureau office and renew his affiliations with his County Farm Bureau "before the above mentioned date, if you have not already done so." The closing paragraph states that "if this policy is cancelled on the date mentioned

herein and there be any return premium due you on account of such cancellation, this premium will be sent to you at which time you should forward your policy to this office for our file.'' The letter of April 11, 1941 shows a conciliatory attempt to secure reinstatement of plaintiff's Farm Bureau membership, coupled with the statement that at a future time the policy will be canceled unless this is done. The letter expresses the hope that defendant will not be obliged to cancel the policy and concludes with the statement that if the policy is canceled on the date mentioned and there be any return premium due plaintiff, such premium will be sent to plaintiff. We find that the cases cited are not applicable to the factual situation before us. The letter of April 11, 1941 did not positively and unequivocally inform the insured that it was the intention of defendant that the policy should cease to be binding on and after 12:01 a. m. on May 11, 1941. As to defendant's assertion that plaintiff has never contended that he misunderstood the letter of April 11th, but simply argues that technically it was not a sufficient notice, the parties stipulated that one of the two points of law at issue between them is whether the letter of April 11, 1941 constituted a sufficient notice of cancellation. In the agreed case neither the trial court nor this court was asked to decide whether plaintiff contended that he misunderstood the letter of April 11th. We are satisfied that the letter of April 11, 1941 did not positively and unequivocally inform plaintiff that it was defendant's intention that the policy should cease to be binding after 12:01 a. m. on May 11, 1941, and the circuit court was right in so finding.

The second point we are asked to decide is whether under the provisions of the policy relating to cancellation, the payment or tender of the pro rata premium by defendant constituted a condition precedent to the effective cancellation of the policy at 12:01 a. m.;

May 11, 1941. As we have resolved the case by deciding the first point, it is unnecessary to consider this point.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

HEBEL and KILEY, JJ., concur.