Harold Kerr et al., Plaintiffs-Appellees, v. August A. Pusateri, Jr., Individually and d/b/a Pusateri Trucking Company, Defendant, and Gibraltar Mutual Casualty Company, Third Party-Appellant.

**Gen. No. 49,749.**

First District, Second Division.

October 19, 1965.

Anthony R. Lazzara, of Chicago (Barry H. Greenburg, of counsel), for appellant.

J. S. Krakauer, of Chicago (Seymour Schriar, of counsel), for appellees.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order entered in a citation proceeding, said order allowing plaintiffs to recover from Gibraltar Mutual Casualty Company (hereinafter called Gibraltar), the sum of Ten Thousand Dollars ($10,000).

Plaintiffs were injured as a result of defendant's negligent operation of its dump truck on January 4, 1963. Plaintiffs filed a complaint in the Superior Court of Cook County to recover damages from defendant. Defendant was served personally with summons, and after defendant failed to appear, a default order was entered. A jury was impaneled, plaintiffs proved their case, and a verdict was returned awarding plaintiff Harold Kerr, Seventy-five Hundred Dollars ($7,500) and plaintiff Jane Kerr, Twenty-five Hundred Dollars ($2,500), plus costs. Judgments were entered against defendant on said verdicts.

Subsequently, plaintiffs instituted a citation proceeding to discover assets, pursuant to Section 73 of the Civil Practice Act. Gibraltar was one of the parties cited before the court. The trial court set said citation hearing for December 12, 1963. At the hearing plaintiffs adduced testimony and documentary evidence that Gibraltar issued its Policy No. CA 202220 to defendant through a broker, one Dean Fisher, and a sub-broker, Fireside Realty and Insurance Company; that the policy provided coverage for bodily injury and property damage liability, collision, fire and theft on a 1958 Ford dump truck; that said coverage was to commence June 1, 1962, and terminate June 1, 1963; that the premium of $348.12 for said policy was paid; that on September 11, 1962 Gibraltar issued an endorsement to said Policy No. CA 202220, effective September 11, 1962, adding Vehicle No. 2, a 1957 Ford dump truck, and providing coverage for bodily injury and property damage liability; that on September 21, 1962, a ten-day notice was sent by Gibraltar

to defendant, deleting coverage for collision, fire and theft as to Vehicle No. 1, effective September 20, 1962; that on December 7, 1962, defendant delivered a check in the sum of $50 to Fisher, to be applied to the premium due on the additional coverage provided for Vehicle No. 2; that said check was deposited to the premium fund account of Fisher and applied to the premium due for Vehicle No. 2; that on January 4, 1963 Vehicle No. 2 was involved in the accident out of which plaintiffs' claims arose; that on the same date defendant notified Fisher of said accident; that on January 22, 1963, Gibraltar sent to defendant a claim form; that on May 11, 1963, plaintiffs filed their suit; that on May 17, 1963 summons was served on defendant; that said summons was turned over to the aforesaid Fisher, who in turn forwarded same to Gibraltar; and that on June 6, 1963 Gibraltar returned said summons to defendant by certified mail with an accompanying letter denying coverage for Vehicle No. 2 and refusing to defend defendant in said lawsuit.

After hearing all of the testimony and examining all of the documents admitted into evidence at the citation hearing, the trial judge entered his order on December 17, 1963, finding that Policy No. CA 202220, covering Vehicle No. 2, was in full force and effect on January 4, 1963. Judgment was entered in favor of plaintiffs. It is from that judgment that Gibraltar brings this appeal.

Gibraltar's theory of the case is that the evidence presented in the citation proceedings showed that the policy of insurance under which the alleged fund was held was canceled, at the request of Fisher, on behalf of defendant. Gibraltar contends that Fisher was the agent of defendant acting within the scope of his authority in that Fisher had implied authority to request cancellation of the insurance upon nonpayment of the premiums due him if notice of the request for cancellation was given defendant by Fisher. Gibraltar also contends

174

that there was no need for Gibraltar to send notice of cancellation to defendant if the request for cancellation was made by an authorized agent of defendant. We do not have to decide the issues raised by Gibraltar, because there are other reasons for affirming the decision of the lower court.

■■ One reason for affirmance is that the alleged cancellation by Fisher was oral and not in compliance with the provisions of the policy of insurance. The policy states:

24. CANCELLATION.
This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents *or by mailing to the company written notice* stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. . . . (Emphasis supplied.)

It is uncontroverted that there was never any written cancellation, by the insured or by his purportedly authorized agent Fisher. The attempted written cancellation by a complete stranger to the insured, Fireside, was never signed and was never authorized or requested by the insured and therefore is a nullity. It is also admitted by Gibraltar that no notice of the purported cancellation was ever sent to the insured. Furthermore, Fisher testified that he never received any notice of cancellation from anyone in regard to Vechicle No. 2, the 1957 Ford dump truck. The testimony and evidence clearly shows that there was noncompliance with the terms and provisions of the policy governing cancellation and without strict compliance with the cancellation provisions there

175

could be no valid cancellation by either the insured or the insurer.

Another reason for affirmance is that the cancellation notice, dated after the accident occurred, was an admission by Gibraltar that the policy was in force up to the date of the notice. Plaintiffs' exhibit No. 7 is a general change endorsement to Policy No. CA 202220, dated March 14, 1963, stating "Delete Vehicle #2" effective February 14, 1963, describing the 1957 Ford dump truck, and showing the return premium due as a result of such action. This document is the only documentary evidence of the purported cancellation by Gibraltar of Vehicle No. 2. The date of this document, March 14, 1963, reciting an effective date of February 14, 1963, stands as a clear admission by Gibraltar that the coverage for Vehicle No. 2 was in full force and effect—at least until February 14, 1963. The trial court certainly took these facts into consideration when it found that on January 4, 1963, Policy No. CA 202220 was in full force and effect as to both the 1958 Ford dump truck (Vehicle No. 1), and to the 1957 Ford dump truck (Vehicle No. 2).

In the case of Aetna Insurance Company v. Maguire, 51 Ill 342 (1896), the Supreme Court of this State in discussing the question as to whether there was a policy of insurance in full force and effect, stated on page 347:

> The very fact of an attempt at cancellation, is an admission there was a policy capable of being canceled, and it is not for the company now to deny it.

See also McNellis v. Aetna Ins. Co., 176 Ill App 575, 578 (1913), and Perry v. Campbell, 45 Ill App2d 271, 275, 195 NE2d 844 (1964).

We hold, therefore, that the trial court could have properly found that neither Fisher nor Fireside complied with the terms and provisions of the policy of insurance and that the attempt of cancellation after the accident was

176

an admission that the insurance was in force on the date of the accident. Therefore, the judgment of the lower court is affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.