(No. 46808, 46812 cons

GEORGE C. SHIARAS, Appellant, v. JOHN CHUPP *et al.,* Appellees.—STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee, v. COUNTRY MUTUAL INSURANCE COMPANY *et al.,* Appellants.

*Opinion filed May 19, 1975.—Rehearing denied September 24, 1975.*

George F. Nichols, of Dixon, for appellants George C. Shiaras and Country Mutual Insurance Co.

W. J. Sturgeon, of Dixon, for appellant Edward De Pauw.

Keller and Magdich, of Dixon (Thomas M. Magdich, of counsel), for appellee State Farm Mutual Automobile Insurance Co.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This is a declaratory judgment action brought to determine which of two insurance companies is responsible to defend and provide coverage with respect to an accident which occurred on June 18, 1971, when George Shiaras, who was driving a pickup truck with the permission of John Chupp, its owner, was involved in a collision with a motorcycle ridden by Edward De Pauw.

Shiaras was insured, with respect to an automobile not involved in the accident, by Country Mutual Insurance Company. The decisive question is whether Chupp's insurance policy, issued by State Farm Mutual, was in force at the time of the accident. If it was, coverage and responsibility to defend rested upon State Farm; if not, they were the obligations of Country Mutual. The circuit

court of Lee County held that State Farm was obligated to defend. The Appellate Court, Second District, reversed (18 Ill. App. 3d 722), and we granted leave to appeal.

The State Farm policy in question was originally issued to John Chupp on June 8, 1968. It covered his pickup truck and insured him and persons driving with his permission against claims for personal injury and property damage. The term of the policy was six months, and Chupp had continuously renewed it by paying his premium at the end of each policy period. His renewal payment on December 8, 1970, made his coverage effective until 12:01 a.m. on June 8, 1971.

On May 6, 1971, State Farm mailed Chupp a notice advising him that his next renewal premium was due on or before June 8, 1971. Chupp did not pay the renewal premium by that date.

On June 11, 1971, State Farm sent Chupp another notice regarding payment of his premium. This notice stated:

"To have continuous protection make payment to the Company or a State Farm agent within 10 days after policy due date. If payment is not made within 10 days after due date, but is made in less than 40 days, protection will be reinstated as of date payment is received by the Company, subject to established Company procedures."

Chupp nevertheless failed to make payment within 10 days of the due date.

The accident occurred at 7:48 p.m. on June 18, 1971, and on the following day, Chupp notified his State Farm agent of it. Subsequently, he mailed his premium to State Farm in an envelope postmarked June 21, 1971. State Farm reinstated Chupp's policy as of June 22, 1971, effective to December 8, 1971. Because of the shorter policy period, State Farm refunded a prorated portion of the premium to Chupp, who accepted the refund.

Country Mutual contends that the State Farm policy was in force on the date of the accident because State

Farm failed to comply with sections 143.4 or 143.5 of the Illinois Insurance Code, which relate to the cancellation of policies of automobile liability insurance (Ill. Rev. Stat. 1971, ch. 73, pars. 755.4 and 755.5). State Farm's position is that the policy was not cancelled; it expired because it was not renewed. We agree.

Section 143.3 (Ill. Rev. Stat. 1971, ch. 73, par. 755.3) enumerates many grounds upon which policies that have been effective for 60 days, or are renewal policies, may be cancelled. One of these grounds is nonpayment of premium. The section states, however: "Nothing in this section shall apply to nonrenewal." Section 143.4 requires at least 10 days prior notice where cancellation is for nonpayment of premium, but it also specifically provides: "Nothing in this Section shall apply to nonrenewal."

We think it is clear that "cancellation" refers to a unilateral termination by an insurer before the end of the policy period, while "nonrenewal" refers to the automatic expiration of a policy at the end of the policy period. Although "cancellation" is not defined in the Code, the meaning of "nonrenewal" is apparent from the definition of "renewal" set forth in section 143.2(b):

> " 'Renewal' or 'to renew' means the issuance and delivery by an insurer of a policy superseding *at the end of the policy period* a policy previously issued and delivered by the same insurer or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; \*\*\*." (Emphasis supplied.)

State Farm did not take any action to cancel Chupp's policy. He did not comply with the condition upon which continuous coverage was made available to him. The policy expired, and it was not reinstated until after the accident had occurred.

Section 143.5 (Ill. Rev. Stat. 1971, ch. 73, par. 755.5), which deals with notice of "intention not to renew," is not applicable. It provides:

"No company shall fail to renew an automobile liability insurance policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least 30 days' advance notice of its intention not to renew.

This Section does not apply if the company has manifested its willingness to renew or in case of nonpayment of premium; ***."

In the present case State Farm had clearly manifested its willingness to renew, and the premium had not been paid.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*