WILLIAM CONLEY, Plaintiff-Appellant, *v.* MARY RATAYZCAK, Defendant.—(NATIONAL MUTUAL INSURANCE COMPANY OF CELINA, Garnishee-Appellee.)

Second District    No. 79-745

Opinion filed December 17, 1980.

30

Chester R. Chostner, Jr., of Clark & Heaslip, of Rockford, for appellant.

Williams, McCarthy, Kinley, Rudy & Picha, of Rockford (Russell D. Anderson, of counsel), for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

This appeal arises from a garnishment action brought in the circuit court of Winnebago County by plaintiff, William Conley, against National Mutual Insurance Company of Celina, Ohio (National Mutual), as garnishee, to recover $1,678.41 plus costs on an insurance policy allegedly issued to defendant, Mary Ratayzcak. Suit was commenced when plaintiff filed a nonwage garnishment affidavit and summons after entry of judgment against the defendant pursuant to his action for property damages arising out of an automobile collision which occurred on January 27, 1978. The trial court found in favor of the garnishee, National Mutual, and entered an order that plaintiff take nothing by his nonwage affidavit for garnishment. The decisive question on appeal is whether defendant's policy, issued by National Mutual, was in force at the time of the accident.

There is no dispute as to any of the material facts. National Mutual issued an automobile insurance policy to Mary Ratayzcak on July 12, 1977. The policy period was a 3-month term from July 12, 1977, to October 12, 1977 (Policy No. 3667437-0). The policy was renewed for a 3-month period extending the term of the policy from October 12, 1977, to 12:01 a.m. on January 12, 1978 (Policy No. 3667437-1). A renewal declaration statement, designated as Policy No. 3667437-2 and which was sent to the defendant in December 1977, would have been for a policy period effective from 12:01 a.m. on January 12, 1978, until April 12, 1978.

Defendant did not pay the renewal premium by January 12, 1978, and on that date she received a printed form designated "Automobile Expiration Notice." The form was dated January 12, and spaces were provided for information to be typed in following the printed portions. Typed information indicated the name of the insurance company, the name of the agent, the name and address of the insured, the policy number (3667437-2), that the policy expired on 1-12-78, a "due date" of January 12, 1978, and that "payment pays to 4-12-78." In the lower right hand corner, in small print, the form stated:

"NOTICE

THIS POLICY WILL BE REINSTATED, WITHOUT INTER-RUPTION OF PROTECTION, IF THE PREMIUM DUE IS RECEIVED AT THE HOME OFFICE, IN CELINA, OHIO, WITHIN 15 DAYS AFTER THE EXPIRATION DATE. EXCEP-TIONS CANNOT BE MADE."

Also in similar print at the bottom of the form was the statement:

"PLEASE DISREGARD THIS NOTICE IF YOU HAVE MADE PAYMENT."

In addition, the following statement was typed, in capital letters, across the top of the form and just below the name and address of the insurance company:

"THIS POLICY IS CANCELLED 01/27/78 FOR NON-PAY-MENT OF PREMIUM."

The accident in question occurred at 6:45 p.m. on January 27, 1978, and on the following day defendant mailed her premium to National Mutual. Plaintiff filed an action on October 31, 1978, to recover for property damage to his motor vehicle and obtained a judgment against the defendant. National Mutual did not defend that lawsuit, nor did it pay defendant's claim for collision coverage or the claim made by plaintiff.

The trial court found that the notice was an expiration notice, not a cancellation notice; that the insurance policy expired on January 12; and that the expiration was completed when defendant did not pay her insurance by January 27. Accordingly, the court entered judgment in

favor of the garnishee on November 1, 1979, from which judgment plaintiff appeals.

The threshold inquiry is whether the "AUTOMOBILE EXPIRATION NOTICE" is an expiration notice, as it purports to be, or is, in fact, a cancellation notice. There is no doubt that, without the addition of the typed statement "THIS POLICY IS CANCELLED 01/27/78 FOR NONPAYMENT OF PREMIUM" across the face of the notice, the notice was, in fact, an expiration notice. National Mutual contends that the instant case does not involve a cancellation of the policy at all, but rather was a nonrenewal within the meaning of section 143.13(c) of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.13(c)). The argument is made that defendant's policy expired on January 12, 1978, and was not renewed because the past due premium was not received in Celina, Ohio, within 15 days. In support of its argument that the policy was not cancelled but expired, National Mutual relies greatly on *Shiaras v. Chupp* (1975), 61 Ill. 2d 164.

The present case, in our view, is readily distinguishable from *Shiaras v. Chupp* (1975), 61 Ill. 2d 164. *Shiaras v. Chupp* was a declaratory judgment suit brought to determine which of two insurers was responsible to defend and provide coverage with respect to an accident which occurred when Shiaras was driving a pickup truck, owned by Chupp, that collided with a motorcycle. State Farm originally issued an insurance policy to Chupp on June 8, 1968. The policy was for a six-month term, and Chupp had continuously renewed by paying his premium at the end of the policy period. His payment on December 8, 1970, made coverage effective until 12:01 a.m. on June 8, 1971. On May 6, 1971, State Farm mailed Chupp a notice advising him that the next renewal premium was due on or before June 8, 1971. Chupp did not pay the premium by that date, so State Farm sent another notice on June 11, 1971, three days after the expiration date. The notice provided that if payment was made within 10 days after the policy due date, the insured would have continuous protection. Chupp nevertheless failed to make payment within 10 days of the due date. The accident occurred at 7:48 p.m. on June 18, 1971. After the accident, Chupp mailed his premium to State Farm in an envelope postmarked June 21, 1971. State Farm reinstated his policy effective June 22, 1971, to December 8, 1971. The supreme court agreed with State Farm that the policy was not cancelled but expired because it was not renewed. The court distinguished a "cancellation" from a "nonrenewal" by stating that a cancellation refers to a unilateral termination by an insurer before the end of a policy period, while nonrenewal refers to the automatic expiration of a policy at the end of a policy period. Since State Farm did not take any action to cancel Chupp's policy, and he did not comply with the condition upon which continuous coverage was made available, the

court reasoned that the policy had expired and was not reinstated until after the accident. 61 Ill. 2d 164, 167.

The type of notice mailed in the present case was not the same as that given in *Shiaras*. Here the insurance company inserted in capital letters, on what otherwise would have been an expiration notice, the language "THIS POLICY IS CANCELLED 01/27/78 FOR NON-PAYMENT OF PREMIUM." Further, the notice refers to policy No. 3667437-2, which would have been effective from January 12, 1978, to April 12, 1978, and not policy No. 3667437-1, which expired on January 12. By insertion of the foregoing statement concerning cancellation, National Mutual did take action to cancel Mary Ratayzcak's insurance policy and, therefore, the *Shiaras* case is distinguishable.

■■ We also believe that, as a result of the insertion of such language in the notice form, the notice sent by National Mutual to the defendant was a cancellation notice. We note that insurance policies are "cancelled" and the act of the insurer is a "cancellation" when the insurer sends a written notice in which it positively and affirmatively indicates to the insurer its intention that the policy shall cease to be binding as such upon the expiration of a stipulated number of days from the time when this intention is made known to the insured. (*Klim v. Johnson* (1958), 16 Ill. App. 2d 484, 490.) Where, as here, no statute or policy provision prescribes the type of notice to be given, no particular form of notice is required. (*Burnett v. Illinois Agricultural Mutual Insurance Co.* (1943), 318 Ill. App. 629, 632.) Based on these principles, we conclude that the notice in question was sufficient to convey National Mutual's intent that the policy would cease to be binding on January 27, 1978.

Section 143.19 of the Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.19) enumerates numerous grounds upon which policies that have been effective for 60 days, or renewal policies, may be cancelled. One of these grounds is nonpayment of premium. Section 143.14 of the Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.14) requires at least 10 days' prior notice where cancellation is for nonpayment of premium. Condition 16 of the insurance policy in question similarly provided for at least 10 days' notice of cancellation.

Plaintiff urges that National Mutual failed to comply with the notice of cancellation requirements set forth in section 143.14. The purpose of a notice provision required by a statute dealing with the cancellation of automobile insurance policies is to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance. (*Taylor v. MFA Mutual Insurance Co.* (La. App. 1975), 322 So. 2d 842, 845, *aff'd* (1976), 334 So. 2d 402. See also *Country Wide Insurance Co. v. Allstate Insurance Co.* (1978), 63 App. Div. 2d 951, 406 N.Y.S.2d 313; see generally 8 Appleman, Insurance Law & Practice §5012, at 316, 319 (Supp.

1980).) It has also been stated that the purpose of the provision in the policy requiring notice is merely to forestall a retroactive notice. (*Hardware Mutual Casualty Co. v. Beals* (1959), 21 Ill. App. 2d 477, 484.) The notice of cancellation must conform to the provisions in the insurance policy, and cancellation can only be effected through strict compliance with the terms of the policy. *Moynes v. National Surety Corp.* (7th Cir. 1959), 272 F.2d 835, 837; *Kerr v. Pusateri* (1965), 64 Ill. App. 2d 172, 175-76.

With these principles in mind, we conclude that the cancellation was effected in compliance with section 143.19 and the terms of the policy. Both the statute and policy provide for at least 10 days' notice of cancellation. A 15-day notice is certainly in compliance with this statutory requirement. Ill. Rev. Stat. 1977, ch. 73, par. 755.14; *Tunprasert v. Prince* (1975), 33 Ill. App. 3d 710, 712.

■■ Having thus concluded that a valid cancellation had been effected, a determination must be made as to when the insurance ceased. Amended condition 16 of the insurance policy in question, the cancellation provision, provided that "[t]he time of surrender *or the effective date and hour of cancellation* stated in the notice shall become the end of the policy period." (Emphasis added.) As previously noted, the notice states that "THIS POLICY IS CANCELLED 01/27/78 FOR NON-PAYMENT OF PREMIUM." While it is clear that the policy was cancelled on January 27, 1978, pursuant to the terms of this notice, the question remains whether defendant was covered at the time of the accident which occurred at 6:45 p.m. on that day. Condition 1 of the policy, entitled "Policy Period, Territory," does not state the time that the policy became effective. However, the renewal declaration statement reveals that the policy period was effective at 12:01 a.m. standard time. The critical inquiry is whether the cancellation was effective at 12:01 a.m. on January 27, 1978, prior to the defendant's alleged loss at 6:45 that same day. Since no hour of cancellation was stated, we believe that the case falls within the general rule which disregards fractions of a day. (*Moynes v. National Surety Corp.* (7th Cir. 1959), 272 F.2d 835, 837; see *Rock Finance Co. v. Central National Bank* (1950), 339 Ill. App. 319, 325. See generally 86 C.J.S. *Time* §§12, 16 (1954).) In addition, relying on the rationale of the *Moynes* case, we determine that the fact the policy provides it would be effective at 12:01 a.m. standard time on January 12, 1978, and expire at 12:01 a.m. on April 12, 1978, cannot inferentially be incorporated into the cancellation clause. Hence, the policy was in effect at the time of the insured's loss. See *Moynes v. National Surety Corp.* (7th Cir. 1959), 272 F.2d 835, 837. See also *Lowe v. O'Meara* (5th Cir. 1973), 482 F.2d 1373.

We emphasize that it is not our intent to foster a policy allowing people to recover on insurance policies where the premium is not paid. But, in view of the important role that automobile insurance plays in our

society, insurance companies must be held to a strict standard with reference to termination and forfeiture of insurance contracts for nonpayment of a premium.

We, therefore, reverse the judgment of the trial court in favor of the garnishee, National Mutual Insurance Company of Celina, Ohio, and against William Conley, and we enter judgment in favor of the plaintiff, William Conley, and against the garnishee, National Mutual Insurance Company of Celina, Ohio, in the sum of $1,678.41 and costs.

Reversed.

LINDBERG and WOODWARD, JJ., concur.