GREGORY R. HUNTER, Plaintiff-Appellant, *v.* WEST AMERICAN INSURANCE COMPANY, Defendant-Appellee.—(RALPH NORWICK, Defendant.)

Third District    No. 80-208

Opinion filed April 9, 1981.

Roger C. Elliott, of Momence, for appellant.

Russell H. Loverude and James D. Grumley, both of Thomas, Wallace, Feehan & Baron, Ltd., of Joliet, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This appeal presents the issue of whether a certain West American insurance policy was in effect at the time Gregory Hunter had an automobile accident. The trial court found that the insurance policy had automatically lapsed at the end of the policy period, such time occurring before the accident. Accordingly, the trial judge found for the insurance company and entered judgment from which this appeal is taken.

The plaintiff, Gregory Hunter, had a policy of automobile insurance with the defendant, West American Insurance Company. The policy had a period expiration date of 12:01 a.m., August 7, 1978. On July 21, 1978, West American mailed Hunter a notice advising him that his renewal premium was due on August 7, 1978. Hunter did not pay the premium by that date.

On August 9, 1978, West American mailed Hunter a final notice regarding payment of his premium. This notice stated:

"There is still time to reinstate without interruption of coverage providing premium is received in the company office prior to fifteen days after 8-7-78."

Hunter nevertheless failed to make payment within 15 days after August 7, 1978. On September 5, 1978, Hunter was informed that his policy of insurance had lapsed. Hunter was involved in an automobile accident on September 16, 1978. He apprised West American of the damage to his auto. A dispute arose as to whether Hunter's auto was covered by a West American insurance policy. Hunter paid $1,823.64 for the repairs to his car and brought suit to recover that amount from West American.

At trial, Hunter testified that on September 4, 1978, he mailed his policy premium check to a West American office in Ohio. A West American representative testified that Hunter's check and policy remittance slip were received by the defendant on September 18, 1978, in Kansas. He further testified that Hunter's check could not have been received in the Ohio office since there were not two date stamps on the check. On September 18, 1978, West American reinstated Hunter's policy of insurance as of September 18, 1978.

Hunter contends that the August 9 notice was ineffective to cancel his policy because it was conciliatory in tone and was an attempt by West American to secure reinstatement of Hunter's policy. Furthermore, Hunter argues, the August 9 communication was merely marked a "premium notice," not a cancellation notice.

Along the same line, Hunter contends that the September 5 "Lapse Notice" was ineffective to cancel his insurance because it did not comply with the cancellation provision of the insurance policy. The terms of the policy require notice of cancellation to state specifically "when, not less than ten days thereafter, such cancellation shall be effective." Hunter asserts that the only date mentioned was the lapse date of August 7. He claims the cancellation date could not be retroactive to August 7, 1978, as the policy requires at least 10 days' advance notice of cancellation. Therefore, Hunter concludes, the two notices sent by West American were ineffective to cancel his policy, and the policy continued in effect on the date of the accident, September 16.

We agree with all of Hunter's contentions concerning cancellation; however, his conclusion is erroneous.

■■ We think it is clear that "cancellation" refers to a unilateral termination by an insurer before the end of the policy period, while "lapse" refers to the automatic expiration of a policy at the end of the policy period. *Shiaras v. Chupp* (1975), 61 Ill. 2d 164.

■■ Everything Hunter asserts about cancellation is correct albeit irrelevant. West American Insurance Company did not take any action to cancel Hunter's insurance policy before the end of the policy period. The notices sent by West American were not cancellation notices but lapse notices. They served to remind Hunter that if *he* did not remit promptly, the insurance policy would automatically expire at the end of the coverage term. Hunter mailed his check on September 4. By such time the policy had automatically expired. The policy automatically expired 15 days after August 7 or August 22. Upon receipt of Hunter's check in Kansas on September 18, West American Insurance Company reinstated the policy. Thus, on September 16, the date of the accident, Gregory Hunter's policy of insurance had automatically lapsed and was not in effect. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SCOTT, P. J., and BARRY, J., concur.