**AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY, Appellant
(Defendant Below),**

v.

**Steven R. RAMSEY, Appellee
(Plaintiff Below).**

No. 2–1180A392.

Court of Appeals of Indiana,
Second District.

Sept. 8, 1981.

Rehearing Denied Nov. 2, 1981.

Ivan D. Floyd, Joseph M. Dietz, Rocap, Rocap, Reese & Young, Indianapolis, for appellant.

John R. Cromer, Hammond, Cromer, Jackson & Borgmann, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant American Family Mutual Insurance Company (American) appeals a judgment in favor of Steven R. Ramsey which held an insurance policy issued by American to Ramsey was in full force and effect on June 19, 1979.

We reverse.

Ramsey initially procured automobile insurance coverage from American on December 4, 1976. The original policy was effective from December 4, 1976 to June 4, 1977. Thereafter Ramsey continuously renewed the policy for successive six months intervals. The last relevant renewal was effective from December 4, 1978 to June 4, 1979.

The policy provided "the renewal of this policy may be refused by the named insured by refusing to pay the renewal premium when due; in which event the policy shall terminate at the end of the last policy period for which premium was paid" and, further, that notice of nonrenewal was not required "if the named insured fails to discharge when due any of his obligation in connection with the payment of the renewal premium."

In May 1979 American sent a premium notice to Ramsey which stated "premium to continue insurance" was due and payable on or before June 4, 1979 and that payment was considered as having been made upon receipt and not at the time of mailing.

Ramsey did not pay the renewal premium on or before June 4, 1979. On June 19, 1979, the day prior to the receipt of the payment by American, Ramsey was involved in an automobile accident. American refused coverage on the basis the December 4, 1978 to June 4, 1979 policy had

lapsed and expired and consequently the policy was not in effect on June 19, 1979.

The trial court held the policy was in full force and effect on June 19 because American had not given Ramsey notice of cancellation as required by I.C. 27–7–6–5 (Burns Code Ed.) and by its own policy.[1]

On appeal, American contends it was not required to give notice of cancellation since the policy was not cancelled but was not renewed due to failure to pay the renewal premium.

We agree.

I.C. 27–7–6–1 *et seq.* (Burns Code Ed.) limits the cancellation and nonrenewal of insurance policies by insurers. The term "renewal" is defined as:

"the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer insuring the same insured, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term ...." I.C. 27–7–6–3.

Although the term "cancellation" is not defined in the statute, the provisions concerning cancellation expressly do not apply to nonrenewals.[2] We conclude the term "cancellation" refers to the termination of a policy prior to the end of the policy period, whereas a "nonrenewal" is the nonissuance or nondelivery of a new policy at the end of the previous policy period.

Therefore, American did not cancel the policy. It was in full effect until the expiration of the policy period. Ramsey was offered the opportunity to continue the coverage by paying a renewal premium on or before the end of the policy period. When he failed to do so, the policy lapsed and expired by its own terms and was not in effect at the time of the accident.

Ramsey argues American was prohibited by I.C. 27–7–6–6 from not renewing the policy without having given twenty (20)

days notice of its intention not to renew. There is no merit to this argument.

I.C. 27–7–6–6 provides:

"No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty [20] days' advance notice of its intention not to renew. In the event such policy was procured by an agent duly licensed by the state of Indiana notice of intent not to renew shall be mailed or delivered to such agent at least ten [10] days prior to such mailing or delivery to the named insured unless such notice of intent is or has been waived in writing by such agent.

*This section shall not apply*: (a) if the insurer has manifested its willingness to renew nor (b) *in case of nonpayment of premium*: Provided, That, notwithstanding the failure of an insurer to comply with this section, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies." (emphasis added)

Because Ramsey did not pay the premium, American was not required to give notice of the nonrenewal. *Shiaras v. Chupp*, (1975) 61 Ill.2d 164, 334 N.E.2d 129; *Lewis v. American Family Insurance Group*, (Ky.1977) 555 S.W.2d 579.

Judgment reversed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. The cancellation provisions of the policy are virtually identical to I.C. 27–7–6–5.

2. For example, I.C. 27–7–6–5 which sets forth the requirements for notice of cancellation expressly provides "[t]his section shall not apply to nonrenewals."