## TRAVELERS INSURANCE COMPANY *v.*
## GERALD HENDRICKSON
## (2399)

TESTO, HULL and BORDEN, Js.

Argued December 8, 1983—decision released March 20, 1984

*Fred H. White, Jr.,* for the appellant (defendant).

*Gerald P. Dwyer,* with whom, on the brief, was *Kevin T. Gormley,* for the appellee (plaintiff).

BORDEN, J. The defendant appeals[1] from a judgment declaring that an automobile insurance policy issued to him by the plaintiff had been canceled, and enjoining him from proceeding with arbitration. The policy was in effect for the policy year December 22, 1973,

---

[1] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred to the Supreme Court, and was, thereafter, transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

through June 22, 1974, and was renewed for an additional six month term ending December 22, 1974. The plaintiff sent the defendant[2] a premium notice and declaration of continuation of the policy for a six month term beginning December 22, 1974, and ending June 22, 1975. The premium was ninety-four dollars, to be paid on or before December 22, 1974. The defendant did not pay the premium by that date. On January 8, 1975, the defendant sent the plaintiff a check for forty-seven dollars, which the plaintiff credited toward the total premium due. On January 15, 1975, the plaintiff sent the defendant a premium notice advising him of the application of the forty-seven dollar payment as a credit and requesting payment of the outstanding balance of forty-seven dollars.

On January 31, 1975, the plaintiff sent the defendant an "Offer to Reinstate" the policy for the six month term beginning December 22, 1974, and ending June 22, 1975. This document stated that the policy expired at 12:01 a.m. on December 22, 1974, and that coverage under the policy would be reinstated without interruption upon payment of the outstanding balance of the premium within fifteen days of the offer, i.e., February 15, 1975. It also included a premium notice for the outstanding balance. The defendant did not pay the balance on or before February 15, 1975, or at any time.

The defendant claims he was injured in a hit-and-run accident on February 10, 1975. On February 11, 1975, he gave the plaintiff notice of this accident by phone. On March 7, 1975, the plaintiff sent the defendant a check for forty-seven dollars as a return of the credit it had made toward the premium, and on March 19, 1975, notified the defendant that the policy was not in effect on February 10, 1975, the date of the accident.

---

[2] The defendant agreed that he received all pertinent notices.

The defendant filed a demand for arbitration of his claim arising out of the accident under the uninsured motorist provisions of the policy, claiming that the policy was in force from December 22, 1974, through June 22, 1975. The plaintiff refused to arbitrate on the ground that the policy was not in effect on February 10, 1975, because of nonpayment of premium.

The plaintiff brought this action for a declaratory judgment that the policy was terminated on December 22, 1974, and, thus, was not in effect on February 10, 1975, and for an injunction restraining the defendant from proceeding with arbitration.[3] The court concluded that the plaintiff had duly canceled the policy as of December 22, 1974, for nonpayment of premium and had duly notified the defendant of the cancellation in accordance with General Statutes §§ 38-175g and 38-175h. The court also concluded that the policy was not in effect on February 10, 1975, and enjoined the defendant from proceeding with the arbitration. The defendant claims that the trial court erred in ruling that the policy was duly canceled and in restraining the arbitration. We agree.[4]

General Statutes § 38-175g (a) (1) states that a policy may be canceled for nonpayment of premium, which

[3] The plaintiff's theory in the trial court and in its brief in this court was that the notice of January 31, 1975, was a valid notice of cancellation of the policy. At oral argument it claimed for the first time that this is not a cancellation case but is instead a case of *lapse* of a policy. See, e.g., *Shiaras* v. *Chupp,* 61 Ill. 2d 164, 334 N.E.2d 129 (1975); *Hunter* v. *West American Ins. Co.,* 95 Ill. App. 3d 108, 419 N.E.2d 719 (1981); *Morey* v. *Educator & Executive Insurers, Inc.,* 45 Ohio St. 2d 196, 342 N.E.2d 691 (1976). Because this theory was not presented to the trial court, was not presented on appeal as an alternate basis on which to support the judgment of the trial court; see Practice Book § 3012 (a); and was not briefed by either party in this court, we decline to consider it, and we dispose of the case on the theory on which it was tried and decided in the trial court. *Beckenstein* v. *Potter & Carrier, Inc.,* 191 Conn. 120, 132, 464 A.2d 6 (1983).

[4] In view of this disposition we need not consider two other grounds of appeal raised by the defendant.

is defined as the "failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on the policy, or any instalment of such premium . . . ." General Statutes § 38-175f. General Statutes § 38-175h (a) provides in relevant part that "[n]o notice of cancellation . . . may be effective unless sent . . . to the named insured *at least thirty days before the effective date of cancellation,* provided where cancellation is for nonpayment of premium *at least ten days' notice of cancellation* accompanied by the reason therefor shall be given." (Emphasis added.) Thus, it is clear that notice of cancellation for nonpayment of premium must be sent at least ten days prior to the effective date of cancellation.

Strict compliance by an insurer with the statutory mandates and policy provisions[5] as to notice is essential to effect a cancellation through such notice. *DiProspero* v. *Nationwide Mutual Fire Ins. Co.,* 30 Conn. Sup. 291, 297, 311 A.2d 561 (1973); 43 Am. Jur. 2d, Insurance § 388. Any ambiguities in the notice will be construed in favor of the insured. *DiProspero* v. *Nationwide Mutual Fire Ins. Co.,* supra; 43 Am. Jur. 2d, Insurance § 388. To be effective, a notice of cancellation must be definite and certain. *Bessette* v. *Fidelity & Casualty Co.,* 111 Conn. 549, 556, 150 A. 706 (1930). Any uncertainty as to the meaning of a notice from an insurer to its insured must be resolved against the insurer and in favor of the insured. *Staley* v. *Municipal Mutual Ins. Co.,* 282 S.E.2d 56, 59 (W. Va. 1981); see also *Griswold* v. *Union Labor Life Ins. Co.,* 186 Conn. 507, 513, 442 A.2d 920 (1982).

The plaintiff sent the defendant two pivotal notices, neither of which mentioned cancellation. To "cancel"

---

[5] With regard to cancellation, the policy provided in pertinent part: "This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective."

means "to destroy the force, effectiveness, or validity of . . . ." Webster's Third New International Dictionary. On January 15, 1975, the plaintiff sent a premium notice to the defendant which indicated that the defendant's forty-seven dollar payment would be applied as a credit to the total premium due. This notice was of special importance because it could have reasonably led the defendant to believe that the policy was in effect as of that date. Nowhere in this notice was there any mention of cancellation. The notice of January 31, 1975, was similarly defective as an attempted cancellation. It was captioned "Offer to Reinstate" and it stated that the defendant's policy had expired at 12:01 a.m. on December 22, 1974, and that the policy would be reinstated upon receipt of payment within fifteen days. Thus, it purported to "cancel" the policy retroactively to December 22, 1974. This did not comply with the mandates of the statute and policy that the cancellation notice be sent ten days *prior* to the effective date of cancellation. Nor was the offer to reinstate on or before February 15, 1975, upon payment of the balance of the premium, effective as a notice of cancellation, since by its terms it was an offer to reinstate a policy purportedly already canceled and, thus, was not definite and certain as a notice of cancellation given ten days prior to the effective date of cancellation. *Bessette* v. *Fidelity & Casualty Co.,* supra. Since neither of the notices mentioned cancellation, we cannot say that they were clear and unambiguous; they must be resolved against the plaintiff and they cannot be taken, either separately or together, as an effective notice of cancellation under General Statutes § 38-175h (a). See *Staley* v. *Municipal Mutual Ins. Co.,* supra. The court erred in concluding that the plaintiff duly canceled the policy and that the policy was not in effect on February 10, 1975. This erroneous conclusion was the basis of the issuance of the injunction.

There is error; the judgment is set aside and the case is remanded to the trial court with direction to render judgment that the policy was not terminated and denying injunctive relief.

In this opinion the other judges concurred.