STATE OF CONNECTICUT *v.* ANTHONY IOVINE ET AL.
(4607)

DUPONT, C. J., HULL and BORDEN, Js.

Argued October 14—decision released November 18, 1986

*John M. Massameno,* assistant state's attorney, with whom, on the brief was *David Shepack,* deputy assistant state's attorney, for the appellant (state).

*John A. Gawrych,* with whom, on the brief, was *Joseph F. Keefe,* for the appellees (defendants).

BORDEN, J. These are wiretap cases in which the trial court granted the defendants' motions to suppress on the bases that (1) the issuing panel did not state the "grounds" of its probable cause determinations, as required by General Statutes § 54-41e, and (2) the panel made findings of probable cause in the alternative. The state filed a consolidated appeal with the permission of the trial court. The trial court's decision was issued prior to our opinions in *State* v. *Chiarizio,* 8 Conn. App. 673, 514 A.2d 370 (1986), and *State* v. *Levine,* 5 Conn. App. 207, 497 A.2d 774 (1985), which are dispositive and require a finding of error.

The defendants attempt to offer alternate grounds for affirming the decision of the trial court, namely, that the affidavit supporting the issuance of the wiretap order was insufficient to establish probable cause as to other normal investigative procedures; see General Statutes § 54-41c (6); and that the affidavit does not pass the statutory *Aguilar-Spinelli* test. See *State* v. *Ralston,* 7 Conn. App. 660, 510 A.2d 1346 (1986). The state responds that we should not consider these alternate grounds. The appeal was filed under the appellate rules in existence prior to October 1, 1986. Those rules required an appellee to file a preliminary statement of issues under Practice Book § 3012 (a) in

order to secure appellate review of alternate grounds.[1] See *Travelers Ins. Co.* v. *Hendrickson,* 1 Conn. App. 409, 411 n.3, 472 A.2d 356 (1984). The defendants did not file such a statement. We decline to consider the defendants' alternate grounds.

First, we accept the state's representation to us in oral argument that it relied on the prior rule in declining to respond in its brief to the defendants' alternate grounds, and that it would therefore be prejudiced by our consideration of those grounds. Second, the trial court did not rule on these claims because of the view of the case which it took. Also, the defendants' motions to suppress in the trial court raised additional claims, not argued in this court, upon which the trial court did not rule for the same reason. Upon the remand, it will be necessary for the trial court to rule on those issues. We therefore leave to the trial court an initial determination of all of the unresolved claims of the defendants.

There is error, the judgments are set aside and the cases are remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[1] Practice Book § 4013 (a), formerly Practice Book § 3012 (a), which became effective October 1, 1986, preserves the mechanism of an alternate ground for affirmance by way of a preliminary statement of issues by an appellee, but specifically requires that "[w]henever the failure to identify an issue in a preliminary statement of issues prejudices an opposing party, the court may refuse to consider such issue." Furthermore, Practice Book § 4065 (a), formerly Practice Book § 3060F (a), which also became effective October 1, 1986, provides that the statement of issues in a party's brief "shall be deemed in replacement of and shall supersede the preliminary statement of issues."