STANDARD MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. HARRY E. WECCELE *et al.*, Defendants-Appellants.

Fifth District   No. 5—00—0545

Opinion filed September 26, 2002.

Stephen C. Williams, of Womick Law Firm, Chtrd., of Swansea, and John Womick, of Womick Law Firm, Chtrd., of Carbondale, for appellants.

Daniel E. Kepner, of Kepner & Kepner, of Springfield, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Harry E. Weccele, Misty Hopper, and Richard Cook, Jr. (collectively defendants), appeal an order of the circuit court of Marion County granting a summary judgment to Weccele's insurer, Standard Mutual Insurance Company (plaintiff), in a declaratory judgment action to determine insurance coverage. The appeal raises the issue of whether documents forwarded to the insured continued coverage until a date after the incident underlying the insurance claim. We reverse and remand.

## FACTS

On May 9, 1994, defendants were involved in an automobile accident. Hopper and Cook filed suit against Weccele for personal injuries

from the accident. A default judgment was entered in favor of Hopper and Cook.

Hopper and Cook then filed a garnishment action against plaintiff as the insurer of Weccele. Hopper and Cook again served Weccele, who then obtained counsel and moved to vacate the default judgment. On January 25, 2000, plaintiff filed a complaint for a declaratory judgment, claiming that Weccele was not covered at the time of the accident.

Plaintiff first issued automobile insurance to Weccele for the period of April 22, 1993, through July 22, 1993. Weccele made payments every three months, and coverage continued. The policy contained an amendatory endorsement that stated:

"This policy may be renewed for successive policy periods by payment of the required renewal premium to the Company on or before the effective date of each successive policy period. If such premium is not paid when due, the policy shall terminate as of that date."

On March 28, 1994, plaintiff sent a document to Weccele. The document was in a declarations form. At the top of the document was a section that allowed the document to be checked by plaintiff as either a "new policy declarations," a "renewal certificate," or an "amended declarations." The box for "renewal certificate" was marked with an "X." Immediately below this area, the form indicated that the policy period was from April 22, 1994, to July 22, 1994. The covered automobile was described as a 1993 Ford Ranger. At the bottom of the form, the total premium was shown as $154. Next to the statement of the premium due, typed on the document, the following words appeared: "IF TOTAL PREMIUM IS NOT PAID BY 4/22/94 ALL COVERAGES WILL LAPSE."

In April 1994 Weccele informed plaintiff that he desired to switch the vehicles covered by the policy. A Standard Mutual Insurance Company request-for-policy-change form dated April 12, 1994, indicated that coverage was changed from a 1993 Ford Ranger to a 1988 Chevrolet van, effective April 11, 1994.

On May 2, 1994, plaintiff sent to Weccele two documents in the declarations form, the same form used for the document of March 28, 1994. One document was labeled "AMENDED DECLARATIONS," effective April 11, 1994. The policy period was from January 22, 1994, to April 22, 1994. The described vehicle was a 1988 Chevrolet van. In the box for the amount due, the total premium was $3.

The other document, sent on May 2, 1994, was also marked "AMENDED DECLARATIONS" but was effective April 22, 1994. The policy period was from April 22, 1994, to July 22, 1994. The described vehicle was a 1988 Chevrolet van. At the bottom of the form, typed

next to where the total premium was listed as $131, was "PAY THIS AMOUNT ON OR BEFORE 5/17/94." Weccele never paid this $131.

On May 9, 1994, Weccele, while driving the Chevrolet van, was involved in an accident with Hopper and Cook. Weccele completed a document entitled "AUTOMOBILE LOSS NOTICE" through Friedrich Insurance Agency, Inc., on May 10, 1994.

Plaintiff issued a letter to Weccele dated May 17, 1994, stating:

"Due to changes you requested in your policy, a revised billing indicating $131.00 premium due was sent to you on 5/02/94.

We have not received that payment in the time indicated and[,] as such, your policy has lapsed for nonpayment of premium. You have been without auto insurance since 4/22/94."

On January 25, 2000, plaintiff filed a complaint for a declaratory judgment, claiming that Weccele was not covered at the time of the accident. Plaintiff filed a motion for a summary judgment. The trial court granted plaintiff's motion. Defendants now appeal.

## ANALYSIS

■ Defendants argue that the amended declarations of May 2, 1994, show that the policy was in effect on the date of the accident. This is a matter of the construction of an insurance contract and, as a question of law, is subject to *de novo* review. See *Karsner v. Lechters Illinois, Inc.*, 331 Ill. App. 3d 474, 476, 771 N.E.2d 606, 607 (2002); *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 441, 692 N.E.2d 1196, 1199 (1998).

Plaintiff argues that the policy expired prior to the accident. Plaintiff relies primarily on two cases that establish the differences between a cancellation of a policy and a nonrenewal for the failure to pay a premium. *Shiaras v. Chupp*, 61 Ill. 2d 164, 334 N.E.2d 129 (1975); *Librizzi v. State Farm Fire & Casualty Co.*, 236 Ill. App. 3d 582, 603 N.E.2d 821 (1992).

In *Shiaras*, the insurer issued a policy for a six-month term. The insured renewed the policy for an additional six months by paying premiums for a second period. Prior to the end of this second period, the insurer mailed a notice to the insured advising him that his next renewal premium was due on or before June 8, 1971. The insured did not pay the premium prior to the renewal date. On June 11, 1971, the insurer forwarded a notice to the insured and offered to provide "continuous protection" if payment was made within 10 days. The notice stated that if payment was not made within 10 days but was made within 40 days, " 'protection will be reinstated as of date payment is received.' " *Shiaras*, 61 Ill. 2d at 166, 334 N.E.2d at 130. The insurer received payment on June 22, 1971, more than 10 days after the date of the notice. The insured was involved in an accident on June 18, 1971, prior to the payment.

The supreme court affirmed the appellate court and held that the policy had lapsed and had not been reinstated until after the accident occurred. The court found that the policy was not cancelled but had expired for nonpayment. The insurer was, therefore, not required to follow the procedures for cancellation. The court stated:

> "We think it is clear that 'cancellation' refers to a unilateral termination by an insurer before the end of the policy period, while 'nonrenewal' refers to the automatic expiration of a policy at the end of the policy period." *Shiaras*, 61 Ill. 2d at 167, 334 N.E.2d at 130.

Furthermore, the insurer was not obligated to follow other procedures regarding nonrenewal because the insurer had indicated a willingness to renew.

In *Librizzi*, an umbrella policy had been entered into in 1982 and had been renewed yearly. The last paid premium covered the period from October 1985 to October 1986. The insurer claimed that a premium renewal notice had been sent in October 1986 indicating that the policy would be cancelled as of December 22, 1986. The insureds claimed that they had never received the notice. No additional payment was made. An insured was involved in an accident on September 1, 1988.

The insureds argued that the policy automatically renewed, unless they were otherwise advised by the insurer, and that the policy was consequently in effect on the date of the accident. The court rejected this argument and upheld a summary judgment for the insurer. Noting the distinction between cancellation and nonrenewal, the court found that the insurer had no obligation to automatically renew the policy without the payment of the premium. Since the termination of coverage was not a cancellation, the insurer had no duty to forward an additional notice to the insured.

Relying on these cases, plaintiff argues that it only offered to reinstate insurance and that the offer was refused when the premium was not paid. Plaintiff argues that, as a result, the policy expired on April 22, 1994, for Weccele's failure to renew. Plaintiff's analysis fails to account for the differences between the documents forwarded in this case and those in *Shiaras* and *Librizzi*.

■ *Librizzi* stands for the assertion that if an insurer displays a willingness to renew a policy and otherwise follows the terms of the contract, the insurer need not further inform the insured that a failure to pay the premium will result in nonrenewal. In *Librizzi*, however, the insured claimed that no documents regarding the time of the expiration of the policy had been forwarded.

In *Shiaras*, the insured was sent a notice that clearly spelled out

that coverage would only be continuous if payment was made by a certain date. See also *Hunter v. West American Insurance Co.*, 95 Ill. App. 3d 108, 109, 419 N.E.2d 719, 720 (1981) (specifically informing the insured of an offer " 'to reinstate without interruption of coverage' "). There was no such delineation in this case. The insured here was given a due date but was not informed that coverage would lapse if payment was not made by that date. Indeed, the record indicates that the amended declarations deviated from the procedure for amended certificates to specifically inform the insurer when coverage would "lapse."

█ In contrast to *Librizzi* and *Shiaras*, the insured in this case was forwarded an amended declarations form which indicated that insurance was in effect until a later due date. The amended declarations form was not an offer to reinstate. As opposed to a "renewal certificate," which would inform the insurer of the need to pay a premium for renewal, the insured forwarded "amended declarations." The document was not an offer to reinstate. Furthermore, the marking on the form belies any claim that this was an offer to create a new policy. The insured was involved in a renewing contract of insurance with the insurer. The document was marked as "amended declarations" and not as "new policy declarations." The amended declarations became a part of a continuing contract of insurance. See *Skidmore v. Throgmorton*, 323 Ill. App. 3d 417, 425-26, 751 N.E.2d 637, 644 (2001) (a specific provision incorporating the declarations policy controlled the terms of coverage). The amended declarations informed the insured of the terms under which the policy continued.

The continuation of the contract of insurance until the due date was mandated by the terms of the policy. The amendatory endorsement of the underlying policy stated:

"This policy may be renewed for successive policy periods by payment of the required renewal premium to the Company on or before the effective date of each successive policy period. *If such premium is not paid when due, the policy shall terminate as of that date.*" (Emphasis added.)

The due date according to the amended declarations was May 17, 1994. The insured declined to make a further payment, and coverage did not terminate until that date.

The impetus for plaintiff's stance is that the insured never paid any additional premium for a new renewal period. This fact does not affect the insured's reasonable expectation that the contract of insurance continued until the due date.

In *Conley v. Ratayzcak*, 92 Ill. App. 3d 29, 414 N.E.2d 500 (1980), the insurer issued a policy to the insured on July 12, 1977. The policy

was renewed for a three-month period from October 12, 1977, to January 12, 1978. The insured did not pay the renewal premium by January 12, 1978, and received a printed form indicating that the policy expired on January 12, 1978. The form indicated a due date of January 12, 1978, and that "payment pays to 4-12-78." The form stated that the policy would be reinstated without interruption if payment was received by January 27, 1978. The form also stated: "THIS POLICY IS CANCELLED 01/27/78 FOR NON[ ]PAYMENT OF PREMIUM." Payment was not made by that date.

As chance would have it, the insured was involved in an accident on January 27, 1978. The insurer contended that there was no coverage on that date. The insurer contended that the form was a notice of expiration and that the policy expired on January 12, 1978, for nonpayment. The insured contended that the form was a cancellation notice and that there was coverage through January 27, 1978. The court found the document to be a cancellation notice. The court stated:

> "We note that insurance policies are 'cancelled' and the act of the insurer is a 'cancellation' when the insurer sends a written notice in which it positively and affirmatively indicates to the insurer [*sic*] its intention that the policy shall cease to be binding as such upon the expiration of a stipulated number of days from the time when this intention is made known to the insured." *Conley*, 92 Ill. App. 3d at 33, 414 N.E.2d at 503, citing *Klim v. Johnson*, 16 Ill. App. 2d 484, 490, 148 N.E.2d 828, 831 (1958).

The court noted that the purpose of the requirements for cancellation notices is to make sure the insured is aware that he will be without coverage and to give him time to obtain other insurance. *Conley*, 92 Ill. App. 3d at 33, 414 N.E.2d at 503. The court found that the requirements for cancellation notice had been met but that coverage lasted for the entire day the policy expired. The insured, therefore, was covered, despite not paying any additional premium for the renewal period before the due date.

The ruling in *Conley* supports the conclusion that there was coverage in this case. The amended declarations form mailed to Weccele was a positive and affirmative declaration that coverage would not terminate until May 17, 1994, even though the word "cancelled" was not used. The document was marked as an amended declarations and was specifically not marked as a renewal certificate. Under the terms of the contract, coverage did not terminate until the due date. The due date was May 17, 1994.

Underlying the ruling in *Conley* is the implicit premise that a renewing contract of insurance continues if the insurer indicates that the contract will terminate at a date later than the renewal date. As in

*Conley,* Weccele had reason to believe that his insurance was in effect on the date of the accident despite no additional premium being paid. This reasonable expectation is protected by enforcement of the contract of insurance. As was stated in *Conley*:

"We emphasize that it is not our intent to foster a policy allowing people to recover on insurance policies where the premium is not paid. But, in view of the important role that automobile insurance plays in our society, insurance companies must be held to a strict standard with reference to termination and forfeiture of insurance contracts for nonpayment of a premium." *Conley*, 92 Ill. App. 3d at 34-35, 414 N.E.2d at 504.

Because we rule in defendants' favor, we need not address the other arguments regarding compliance with the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 1994)).

Accordingly, the judgment of the circuit court of Marion County is hereby reversed, and the cause is remanded for proceedings consistent with this opinion.

Reversed; cause remanded with directions.

MAAG, P.J., and CHAPMAN, J., concur.