STANLEY J. BUTT *et al.*, Plaintiffs-Appellants, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*, Defendants-Appellees.

Third District    No. 81-540

Opinion filed June 14, 1982.

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, P. C., of Havana, for appellants.

George D. Browning and Jeffrey W. Jackson, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, and Richard B. Opsahl, of Rantoul, for appellees.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Plaintiffs Stanley and Mildred Butt appeal.from a declaratory judgment entered by the circuit court of Fulton County. The court ruled that the defendant, State Farm Mutual Insurance Company (State Farm), has no liabilities under an insurance policy issued by it to plaintiffs for the period from December 7, 1977, until December 25, 1977, during which time Stanley Butt was involved in a collision with a vehicle operated by defendant Teresa Kelly. On appeal, plaintiffs contend (1) that State Farm's acceptance of plaintiffs' policy renewal check constitutes a waiver of State Farm's right to declare a lapse and requires the company to insure them retroactively, including the date of the accident, and (2) that traditional contract principles apply so as to require State Farm to provide such retroactive coverage.

The facts relevant to the issues on appeal may be briefly stated. The plaintiffs have been automobile insurance customers of State Farm since 1957. The policy on the automobile here in dispute provided an initial coverage period from August 19, 1976, to December 7, 1976. It was thereafter renewed on two occasions for continuous coverage from December 7, 1976, to June 7, 1977, and again from June 7, 1977, to December 7, 1977. A little over a month prior to the next renewal date, State Farm sent the insureds notice that their six-month premium of $119.80 was due on December 7, 1977. Although the notice was admittedly received by the Butts prior to the due date, their check for the premium amount was not written until December 15, 1977. Family matters intervened and occupied their attention immediately after the check was written, and, as a result, the check lay forgotten in a basket at their home until December 24, 1977, when it was finally mailed to State Farm.

Meanwhile, on December 22, 1977, while driving the automobile insured under this policy, Stanley Butt was involved in an accident which resulted in damage to the Butt vehicle and personal injuries and property damage to Teresa Kelly. Mr. Butt reported the accident to his local State Farm agent, Gene Zook, in a letter dated December 23, 1977. Upon discovering that the policy renewal check had not been mailed promptly, Mr. Butt visited Zook personally on December 26, 1977, explained the situation, and asked if the policy was still in force despite the lateness in mailing the check. Zook checked his microfiche file and ascertained that no indication of a lapse in coverage appeared thereon.

State Farm received plaintiffs' check on December 27, 1977. Because the payment was made more than 10 days after the due date and less than 40 days thereafter, company policy was to reinstate insurance coverage effective with the date after the postmark on the remittance envelope and to refund the excess premiums paid for the period of noncoverage. In this case, plaintiffs' policy was renewed for the period December 25, 1977, to June 7, 1978, and plaintiffs were sent a refund check for $12.52.

Teresa Kelly filed suit against Stanley Butt, claiming damages in the amount of $185,000. State Farm denied liability since the accident occurred during the period of lapsed coverage. Plaintiffs thereafter instituted the instant suit seeking a declaratory judgment to determine State Farm's liabilities under the policy and to obligate State Farm to defend them in the suit filed by Kelly. A bench trial ensued. After hearing the evidence and arguments of the parties, the trial court entered its order against plaintiffs, finding that the insurance policy in question was not in effect on December 22, 1977, the date of the accident. It is from this order that plaintiffs appeal. We affirm.

Plaintiffs initially contend that their own good-faith efforts to get the premium check in the mail promptly upon their discovery that it had not been so mailed when originally written, plus their prompt report of the December 22 accident and their specific inquiry of agent Zook about coverage, combine to create in plaintiffs an expectation of continuous coverage. Add to this scenario the fact that State Farm cashed plaintiffs' late check, the argument continues, and the conclusion is that State Farm waived its right to declare a lapse in coverage. We disagree.

The insurance policy in question contained conditions and terms specifically referring to plaintiffs' duty to pay premiums when due. Page 3 of the policy contains a section entitled "When and Where Coverage Applies." It provides in pertinent part:

> "The policy period is * * * for successive periods of six months each for which *you* pay the renewal premiums. Payments must be made on or before the end of the current policy period."

On page 13, the following condition is recited:

> "*Renewal* * * * we agree: * * * to renew the policy for the next policy period * * * unless we mail to *you* written notice of our intention not to renew * * *. These agreements to continue and to renew are void if: *you* fail to pay the premium when due * * *."

In addition to these unequivocal provisions giving notice to plaintiffs of their duty to pay premiums on a timely basis for continuous coverage and plaintiffs' acknowledged receipt of the renewal notice prior to December 7, 1977, testimony at trial established that State Farm ordered an expiration notice sent to plaintiffs on December 11, 1977, which read as follows:

"DID YOU FORGET TO RENEW YOUR AUTOMOBILE INSURANCE?

Payment within 10 days after Expiration Date will provide coverage for 6 months from the Expiration Date.

If paid after 10 days from the Expiration Date you will be informed if we accept your payment and if so, the exact date and time coverage is again effective. There is no coverage for accidents occurring between the date and time of expiration and the date and time your coverage is again effective."

While plaintiffs denied having read this notice, they could not state for certain that it had not been received by them. Even had they not received it, State Farm contends, plaintiffs had adequate notice of the company's renewal policies from their prior experience with late premium payments. At trial, State Farm produced evidence that in 1973 plaintiffs had failed to pay their premium within 10 days after the due date. On that occasion the insurance was renewed under the reinstatement-after-lapse policy outlined in the second paragraph of the above-quoted expiration notice. Company records disclosed that plaintiffs had been sent a renewal billing on June 26, 1973, showing that the six-month premium of $57.60 was due on July 28, 1973. Plaintiffs failed to respond to this notice, and a subsequent expiration notice was sent on August 1, 1973. On August 15, 1973, Stanley Butt wrote a check to State Farm for $57.60. Upon receipt of this check, State Farm reinstated plaintiffs' policy as of August 17, 1973, and issued a check to plaintiffs for $6.90, representing a refund for the period of lapsed coverage between July 28, 1973, and August 17, 1973. The latter check was negotiated by Butt, apparently without further inquiry about the lapse in insurance coverage.

Plaintiffs' attempt to show waiver on the part of State Farm by demonstrating that their failure to make a timely premium in 1975, on which occasion a coverage lapse did not result, is significantly undermined by the fact that the 1975 check representing premium payment due on July 28, 1975, was written on August 3, 1975, and deposited by State Farm on August 5, 1975, well within the 10-day grace period allowed by policy per the first paragraph of the above-quoted expiration notice.

■▌ On these facts, plaintiffs will not be heard to deny that they had knowledge of the company's policies respecting reinstatement of coverage upon receipt of late premium payments. Such policies were not undisclosed, secret internal policies enforced or not at the whim of State Farm, as plaintiffs would have this court believe. State Farm did not, therefore, impliedly waive their right to declare a lapse in coverage in 1977 because of their application of company policies to the plaintiffs' late premium remittances in 1973 and 1975.

Finally, evidence of record clearly demonstrates that State Farm did

not expressly waive its right to deny any obligation to defend plaintiffs in the suit arising out of the December 22 accident. The record contains a document entitled "Request for Claim Service and Non-Waiver of Rights." It is dated December 28, 1977, and is signed by Stanley Butt. The form states that "Company records indicate that the policy period expired for non-payment of renewal premium," and goes on to explicitly deny that any action taken on the part of either State Farm or Butt concerning the December 22, 1977, accident shall not waive the rights of either party. Whereas this document, standing alone, might be insufficient to overcome an "implied waiver" argument on another set of facts, such is not, as our previous findings indicate, the case herein.

■■ Plaintiffs' second contention, based on traditional contract law principles, that State Farm's unconditional acceptance of the plaintiffs' premium renewal check requires the company to retroactively renew the policy, is meritless. Plaintiffs will not be permitted to foist upon State Farm a change in the terms of their written insurance policy merely by tendering a check for an amount that represents what would have been due had plaintiffs not breached their duty to pay renewal premiums on a timely basis. Plaintiffs' argument here is precisely the same as that advanced and rejected by the court on review in *Gurley v. State Farm Mutual Automobile Insurance Co*. (1981), 101 Ill. App. 3d 619, 428 N.E.2d 916.

In *Gurley* as in the present case, plaintiff attempted to analogize the facts of *Van Hulle v. State Farm Mutual Automobile Insurance Co*. (1969), 44 Ill. 2d 227, 254 N.E.2d 457, and *Cullotta v. Kemper Corp*. (1979), 78 Ill. 2d 25, 397 N.E.2d 1372, to the case before the court. The *Gurley* court distinguished *Cullotta* on the basis that the issue upon which the *Cullotta* case turned was whether, once a check is accepted within a specified time, its later dishonor by the bank results in a cancellation of the insurance contract. The *Cullotta* court determined that it does not, unless it is shown that the original acceptance of the check was conditioned upon the bank's honoring of it.

Similarly, *Van Hulle* is distinguishable from the present case, as it was in *Gurley*, because the insured therein expressly told the agent that his late payment of the premium was conditional upon the insurer's grant of coverage retroactively so as to include the date of Van Hulle's accident, and if such coverage could not be afforded, the check was to be returned to the insured. The court held that the insurer had waived its right to refuse coverage under the policy because the insurer had some history of retroactively reinstating lapsed policies and, in Van Hulle's case, the insurer had cashed the premium payment check with knowledge of the accident which had demolished the automobile in question as well as the insured's express condition that the check be returned if retroactive cov-

erage was to be refused. Because neither *Cullotta* nor *Van Hulle* are sufficiently on point, they provide no basis upon which this court could afford plaintiffs' relief in the present case.

As defendant State Farm correctly points out, *Shiaras v. Chupp* (1975), 61 Ill. 2d 164, 334 N.E.2d 129, and *Gurley* are factually analogous to the present case. In both cases, as here, the insureds, after having been sent notices reminding them of the 10-day grace period, failed nonetheless to remit their premiums timely. In those cases, as here, neither implied nor express waiver could be found to prevent the insurer from declaring a coverage lapse. General contract law principles are unavailing to plaintiffs to alter the result herein from that obtained in *Shiaras* and *Gurley*.

In sum, we agree with the trial court that plaintiffs' policy had lapsed and that State Farm is therefore relieved of liability thereunder and is under no duty to defend plaintiffs with respect to the accident occurring during the period of lapse.

Affirmed.

STOUDER and HEIPLE, JJ., concur.