# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Edwards v. State Farm Insurance Co.*, 2012 IL App (1st) 112176

---

| | |
|---|---|
| Appellate Court Caption | MADELINE EDWARDS, Plaintiff-Appellee, v. STATE FARM INSURANCE COMPANY, Defendant-Appellant (Gaylord Nelson, Defendant). |
| District & No. | First District, Second Division<br>Docket No. 1-11-2176 |
| Filed | May 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a breach of contract action arising from an automobile accident that occurred after plaintiff's insurance policy had been cancelled by defendant for nonpayment of the premium, the entry of summary judgment for plaintiff was reversed and the orders awarding plaintiff attorney fees and punitive damages were vacated, notwithstanding plaintiff's contention that defendant impliedly waived its right to enforce the cancellation notice when it reinstated the policy when plaintiff tendered a late payment after the accident, since there were contested material facts with regard to the issue of the implied waiver and there was no evidence of vexatious conduct on the part of defendant to support an award of fees and punitive damages. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-M1-103542; the Hon. Pamela E. Hill Veal, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Taylor Miller, LLC, of Chicago (Frank C. Stevens, of counsel), for appellant.

Robert J. Biswurm & Associates, Ltd., of Chicago (Robert J. Biswurm, of counsel), for appellee.

Panel

PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion.
Justices Cunningham and Harris concurred in the judgment and opinion.

# OPINION

¶ 1     Madeline Edwards, plaintiff, brought this breach of contract action against State Farm Insurance Company, defendant, and State Farm Insurance agent Gaylord Nelson, defendant, to enforce certain alleged rights and duties of the defendants and to determine whether the defendants would be liable to pay damages arising from an auto accident that occurred after the insurance policy had lapsed and was cancelled for nonpayment. The defendant, State Farm Insurance Company (State Farm), filed a counterclaim for a declaratory judgment that the auto insurance policy had lapsed for nonpayment and the policy was duly cancelled and not in force and effect at the time of the auto accident. The circuit court found that even though the insurance policy was cancelled for nonpayment, State Farm had waived its legal right to enforce the cancellation. Because the auto insurance policy issued by State Farm had been cancelled prior to the auto accident with no legal or factual basis for waiver, we reverse the judgment of the circuit court in its entirety.

¶ 2                                    I. ISSUE ON REVIEW

¶ 3     The primary issue in the circuit court and on appeal is whether the cancelled automobile policy, when reinstated by State Farm following plaintiff's tendering of a late payment, should have covered the auto accident plaintiff had when she was driving her car during the period of time when she had no auto insurance coverage. In other words, had State Farm impliedly waived its rights to enforce its cancellation notice?

¶ 4                                   II. STANDARD OF REVIEW

¶ 5     Because the circuit court ruled following briefing on a motion for summary judgment, this court applies the *de novo* standard of review (*Insurance Corp. of Hanover v. Shelborne Associates*, 389 Ill. App. 3d 795, 799 (2009)), including the circuit court's award of sanctions stemming from its summary judgment order. *West American Insurance Co. v. J.R. Construction Co.*, 334 Ill. App. 3d 75, 88 (2002).

¶ 6                                                                III. BACKGROUND

¶ 7         Plaintiff purchased a six-month insurance policy from State Farm on July 7, 2008 and made a partial payment. On October 5, 2008, a balance of $347.58 was due from plaintiff. Plaintiff did not pay the remaining amount. On October 10, 2008, State Farm mailed plaintiff a written cancellation notice that acknowledged plaintiff's nonpayment and lapsed coverage. The notice gave plaintiff until October 23, 2008 to make payment without suffering any loss of coverage. It also informed plaintiff that failure to make payment by October 23, 2008 meant her policy would be cancelled. The notice also informed plaintiff that if she paid the premium after October 23, 2008, plaintiff "would be informed whether the policy would be reinstated and if so, the exact date of reinstatement." The notice specifically informed the plaintiff that there would be no insurance coverage between the date of cancellation and the date of reinstatement.

¶ 8         The exact language of the pertinent part of the written notice is as follows:

        "We have not received the full amount required to keep this policy in force so in accordance with its cancellation provisions your policy identified in this notice is hereby canceled, effective 12:01 A.M. standard time OCT 23 2008 due to non-payment of the premium. No further notice will be sent to you.

        We welcome the opportunity to provide you future insurance protection. Should you wish to reinstate this policy please forward your payment immediately. Payment prior to the date and time of cancellation will reinstate your policy. If paid after that date and time, you will be informed whether your policy has been reinstated and if so, the exact date of reinstatement. There is no coverage between the date and time of cancellation and the date and time of reinstatement."

¶ 9         Plaintiff's auto insurance policy was cancelled on October 23, 2008 pursuant to the above written notice because plaintiff did not pay the balance due on the policy.

¶ 10         About one month after plaintiff's auto insurance policy was cancelled, plaintiff was involved as an uninsured motorist in an auto accident on November 20, 2008. Two days after the accident, plaintiff called State Farm and stated she had been in an accident and now wanted to make her payment. Plaintiff was informed that the State Farm claims department would determine if it would provide coverage. Without any assurances, plaintiff sent a payment of $347.58 via a cybercheck. However, the cybercheck did not clear due to insufficient funds. About a week later, on November 28, 2008, plaintiff paid the $347.60 in cash to a clerk at her agent's office. Her auto insurance policy was reinstated effective November 28, 2008, and on December 3, 2008 State Farm sent a check to plaintiff for $96.95, which was the amount calculated to be due back to the plaintiff for the period the policy was not in force because of cancellation for nonpayment.

¶ 11         Plaintiff filed a motion for summary judgment and argued that there are in existence sufficient facts that support her position that State Farm waived its right to enforce the October 23, 2008 cancellation when a clerk accepted plaintiff's late premium payment after the cancellation date on November 22 and again, on November 28, 2008. On this issue, there were many material disputes, not the least of which is whether the clerks of the insurance agent could bind State Farm through their action of accepting payment or making hopeful

comments about reinstatement, despite the company's written notification to the plaintiff that outlined its position regarding any payment made after the cancellation date. Additionally, plaintiff claims that clerks made oral assertions to her that caused her to believe State Farm would probably provide back coverage for the accident. Those clerks deny making any such statements. The denial of the plaintiff's motion for summary judgment would seem clear as there were contested issues of material fact surrounding the issue of State Farm's implied waiver of its right to defend against coverage due to cancellation. However, the circuit court ruled in favor of the plaintiff, stating it believed plaintiff's version of events without affording State Farm a trial on the material, disputed issues. The court awarded judgment of $12,240 under the policy to plaintiff. The court additionally awarded plaintiff $28,957.50 in attorney fees and sanctions of $50,000 pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2002)) for what it believed to be State Farm's vexatious action in not honoring plaintiff's cancelled insurance policy and not acknowledging that it impliedly waived its defense of cancellation when a State Farm clerk accepted plaintiff's payment. Litigation costs of $361 were additionally awarded to plaintiff. State Farm appeals all aspects of the circuit court's judgment.

¶ 12                                    IV. ANALYSIS

¶ 13    The basic *quid pro quo* of an insurance company's agreement to provide insurance coverage is the insured's payment of a premium. Every typical insurance contract provides that the insurance company agrees to provide coverage for risk of loss in exchange for payment of the premium.

¶ 14    The Illinois Insurance Code (the Code) defines "nonpayment of premium" as a "failure of the named insured to discharge, when due, any of his obligations in connection with the payment of premiums." 215 ILCS 5/143.13(e) (West 2002). The Code further defines "cancellation" of an insurance policy as follows: " 'Cancellation' or 'cancelled' means the termination of a policy by an insurer prior to the expiration date of the policy." 215 ILCS 5/143.13(g) (West 2002). Our supreme court has explicitly defined a cancellation of an insurance policy as a unilateral termination by an insurer before the end of the policy period. *Shiaras v. Chupp*, 61 Ill. 2d 164 (1975).

¶ 15    There is no dispute in the instant case that plaintiff failed to discharge her obligation in connection with the payment of her auto insurance premium. There is no dispute that State Farm afforded the plaintiff an appropriate grace period within which plaintiff could make her late payment of the insurance premium and not suffer any lapse in coverage. There is also no dispute that State Farm cancelled plaintiff's auto insurance due to nonpayment of the premium only after it mailed the appropriate notice to plaintiff in a timely fashion as prescribed by statute. 215 ILCS 5/143.15 (West 2002). There is also no dispute that plaintiff received the State Farm notice. See *Pekin Insurance Co. v. Harvey*, 377 Ill. App. 3d 611 (2007) (insurer need not prove actual receipt of notice by insured). The parties have stipulated that the total amount of the loss by plaintiff as a result of the November 20, 2008 auto accident is $12,420.

¶ 16    More precisely, the disputed issue in the motion for summary judgment was whether the

plaintiff's State Farm insurance contract was in effect retroactively to cover her auto accident by the payment of the premium a month after her auto accident and more than a month after cancellation. There is no dispute that plaintiff finally made a successful payment of the premium by tendering cash to a State Farm clerk. There is no dispute that the amount was accepted. State Farm processed the payment, applied it to the policy and refunded to the plaintiff the amount that was due for the period of time the policy was cancelled. In other words, State Farm acted consistently with the language in the notice sent to plaintiff. It reinstated the policy but did not provide retroactive coverage to her. The language in her notice informed the plaintiff that retroactive coverage would only be provided if the premium payment was made by a date certain. Plaintiff did not pay her premium by that date and allowed her policy to be cancelled for nonpayment.

¶ 17    None of the facts provided by the plaintiff are materially sufficient to support an allegation of State Farm's actual waiver of its defense that plaintiff's policy was cancelled. Plaintiff proceeded on an argument that State Farm impliedly waived its defense.

¶ 18    The Illinois Code of Civil Procedure, section 2-1005, states that a motion for summary judgment should only be granted "if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2002). Plaintiff's argument in this case is that State Farm impliedly waived its right to enforce the cancellation of the policy when it accepted plaintiff's payment after the cancellation date. State Farm, on the other hand, argues that timely notice was sent to plaintiff informing her that unless payment was made her policy would be cancelled. State Farm argues that plaintiff cannot now argue extraneous facts surrounding her payment after cancellation and those facts should not be considered to infer that State Farm impliedly waived its defense of cancellation when it was plaintiff's lack of payment that was the reason for the policy cancellation and State Farm provided a clear, written notice of the consequences for failure to pay the premium..

¶ 19    Plaintiff relies on the general legal principle that forfeiture of an insurance contract for nonpayment of the premium is not favored by the courts, citing *Van Hulle v. State Farm Mutual Automobile Insurance Co.*, 44 Ill. 2d 227 (1969). Plaintiff argues that the mere act of accepting plaintiff's payment after cancellation is enough to reinstate and backdate the policy to provide coverage for an accident that occurred during the cancellation period. The *Van Hulle* case is not directly on point. In the instant case, plaintiff does not argue lack of clarity of the notice of cancellation she received. We have read the cancellation notice provision given to plaintiff and there is nothing unclear about the language that would demand that we strictly construe any lack of clarity against State Farm. Plaintiff is correct insofar as she argues that there are Illinois cases that consider acceptance of a premium after the insurance company learns of a loss as one factor in determining whether an insurance company has waived its right to cancel. *Id.*; *Horace Mann Insurance Co. v. Brown*, 13 Ill. App. 3d 330 (1973). However, those cases did not include the unequivocal language in a written notice regarding how the insurance company would treat a payment made after cancellation that State Farm used in its notice to plaintiff.

¶ 20    State Farm relies on the cases of *Gurley v. State Farm Mutual Automobile Insurance Co.*,

-5-

101 Ill. App. 3d 619 (1981), and *Butt v. State Farm Mutual Automobile Insurance Co.*, 107 Ill. App. 3d 68 (1982), for its position that no waiver exists in this case. While the same unequivocal language that plaintiff received in her notice about what would happen if payment were made after the cancellation date was similar to the unequivocal language sent to the respective insureds in both *Gurley* and *Butt*, this does not save the parties from a trial on the merits on remand. The holdings in both *Gurley* and *Butt* are each based on the particular facts surrounding waiver after the courts had a full opportunity to consider disputed, material evidence at trial.

¶ 21        State Farm should be afforded the opportunity to present its case at trial as there appear to be contested, material facts concerning the implied waiver issue which do not solely involve a legal interpretation of the contract. We likewise do not believe there is any merit to the court's award of attorney fees and punitive damages as there is considerable merit to State Farm's position that it is not required to honor a cancelled insurance policy. In any event, the court provided no justification for such an award. Whether or not State Farm can be found to have impliedly waived its written cancellation is, at least in part, a question of fact that should be resolved by trial. Therefore, we reverse the circuit court's order granting plaintiff's motion for summary judgment. We also vacate the circuit court's order awarding attorney fees to plaintiff and awarding $50,000 in punitive damages against State Farm as there is no evidence of vexatious conduct on the part of State Farm and the court did not point to any.

¶ 22        Reversed and remanded.