**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220169-U

Order filed June 26, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| RICHARD B. HENRY, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0169 |
| | ) | Circuit No. 20-L-1059 |
| | ) | |
| NATIONWIDE INSURANCE COMPANY, | ) | Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:  The trial court properly granted summary judgment to insurer where evidence established that automobile policy lapsed prior to accident due to insured's failure to pay his renewal premium.

¶ 2      Plaintiff, Richard B. Henry, filed  a complaint against defendant, Nationwide Insurance Company (Nationwide), alleging that Nationwide failed to pay a claim under his automobile policy. The circuit court granted Nationwide's motion for summary judgment, ruling that the policy had lapsed because of non-payment. We affirm.

¶ 3                                              I. BACKGROUND

¶ 4          Henry had an insurance policy with Nationwide that provided coverage for his vehicle. The "Insuring Agreement" provision of the policy stated: "The selected coverages in this policy apply only to occurrences while this policy is in force. Renewal premiums for terms of six months each must be paid in advance."

¶ 5          On January 7, 2017, Nationwide informed Henry that his policy would lapse, effective January 9, 2017, if he failed to pay the renewal premium before January 9. That same day, Henry contacted an agent at Nationwide and inquired about an extension of time for the payment. The agent advised him that the payment deadline could not be extended. After concluding the phone call, Henry attempted to pay the renewal premium online. He did not receive a confirmation email stating that his payment had been processed or accepted.

¶ 6          On January 9, 2017, around 6:53 p.m., Henry suffered injuries in an automobile accident. On the morning of January 10, he filed a claim under his Nationwide policy. He spoke with claims representative Rebekah Caldwell, who logged his information and assigned him a claim number. That afternoon, he received an email verifying that a claim had been filed.

¶ 7          On January 11, 2017, Caldwell called Henry and informed him that his claim had been denied because his policy lapsed on January 9, 2017, at 12:01 a.m. At Henry's request, Nationwide investigated the issue. On January 19, 2017, Nationwide claims specialist Jason Burns sent Henry a letter summarizing that, following a review, Nationwide had confirmed that it received no renewal payment on the policy and that the policy lapsed as of January 9, 2017.

¶ 8          On December 30, 2020, Henry filed an unsworn *pro se* complaint alleging that Nationwide owed him a duty and breached its contractual obligation by failing to provide coverage for the January 9, 2017, accident. On November 3, 2021, after numerous motions and

amended pleadings, Henry filed an amended complaint alleging that: (1) on January 7, 2017, he contacted Nationwide requesting an extension to pay his insurance premium, and Nationwide denied his request; (2) on the same day, he made an online payment to Nationwide for "$217, and some change[;]" and (3) on the night of the accident, he was still insured under the policy.

¶ 9 Nationwide answered the complaint and moved for summary judgment. It explained that the full amount required to keep the policy in effect was $260.38 and that Henry logged into his account on January 7, 2017, but never completed the online payment. Burns's affidavit, which was attached to the motion, averred that Henry did not complete his payment on January 7, 2017. Burns stated that he "reviewed the Account Activity for Mr. Henry's [a]ccount and determined that Mr. Henry started, but never completed the payment on January 7, 2017." A copy of Henry's online payment portal was attached to the affidavit. It showed that on January 7, 2017, Henry entered $260.38 as the payment amount and provided his credit card information but did not click the "Submit" button at the bottom of the form. Nationwide also provided Henry's response to requests to produce in which he stated that the "payment was never processed" and he had no documents in support of his allegation that he paid his policy balance on January 7, 2017.

¶ 10 The trial court entered judgment in Nationwide's favor, concluding that Henry failed to present sufficient admissible evidence to oppose the motion. Henry's motion to reconsider was denied, and he appeals.

¶ 11 II. ANALYSIS

¶ 12 Henry argues that the trial court erred in granting summary judgment to Nationwide because the evidence established that the policy was in effect at the time of the accident and that Nationwide breached the contract by failing to fulfill its terms.

3

¶ 13     Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004); 735 ILCS 5/2–1005(c) (West 2020). "A genuine issue of material fact precluding summary judgment exists where the material facts are disputed, or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts." (Internal quotation marks omitted.) *Monson v. City of Danville*, 2018 IL 122486, ¶ 12. When examining whether a genuine issue of material fact exists, a court construes the evidence in the light most favorable to the nonmoving party and strictly against the moving party. *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 22.

¶ 14     "Summary judgment is a drastic means of disposing of litigation and 'should be allowed only when the right of the moving party is clear and free from doubt." *Adams*, 211 Ill. 2d at 43. Although a nonmoving party "is not required to prove his or her case, the nonmovant must present a factual basis arguably entitling that party to a judgment." *Horwitz v. Holabird & Root*, 212 Ill. 2d 1, 8 (2004). "If the plaintiff fails to establish an element of the cause of action, summary judgment for the defendant is proper." *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163 (2007). A trial court's entry of summary judgment is reviewed *de novo*. *Monson*, 2018 IL 122486, ¶ 12.

¶ 15     Insurance policies are contracts and subject to the same rules that govern contract interpretation. *Hacker v. Shelter Insurance Co.*, 388 Ill. App. 3d 386, 389 (2009). To plead and prove breach of contract, a plaintiff must show: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4)

4

resulting injury to the plaintiff. *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 6 (1998).

¶ 16    Here, Henry maintains he alleged sufficient facts to establish that the policy was valid and enforceable at the time of the accident. A policy is no longer in effect when it lapses based on nonpayment of a premium. See *Hunter v. West American Insurance Co.*, 95 Ill. App. 3d 108, 110 (1981) (" 'lapse' refers to the automatic expiration of a policy at the end of the policy period"). Once a policy automatically expires based on nonpayment, coverage ceases and the insurer has no obligation to pay the insured for a post-lapse claim. See *Omar v. St. Paul Fire & Marine Insurance Co.*, 175 Ill. App. 3d 77, 82-84 (1988) (finding summary judgment to insurance company appropriate where the plaintiff's failure to promptly pay renewal premium resulted in a lapse of coverage before the date of his claim); *U.S. Fidelity & Guaranty Co. v. Hollerich & Walgenbach Co.*, 22 Ill. App. 3d 156, 164 (1974) (insurer was not obligated to pay claim where policy had already expired because of non-payment of premiums).

¶ 17    In this case, Nationwide informed Henry that his policy would lapse on January 9, 2017, at 12:01 a.m. if he failed to pay the renewal premium by that date. The undisputed facts demonstrate that Henry did not complete his payment by January 9, and his policy lapsed before the accident occurred. He claims that the facts are disputable because there is evidence in his account activity that he made a payment on January 7, 2017. We disagree. Nothing in the record demonstrates that Henry paid the renewal premium in full before the payment deadline. The payment activity on his online portal indicates that he attempted to make a payment but failed to complete it. And Henry put forth no other evidence to show that he paid the renewal premium on or before the due date. Accordingly, the policy lapsed, and no valid contract existed when the accident occurred.

5

¶ 18    Henry insists that Nationwide is not entitled to summary judgment because Nationwide "cannot provide documents from Plaintiff's account that Plaintiff did not make a payment on his insurance premium." Contrary to Henry's claim, Burns's affidavit and the payment portal document establish that Nationwide did not receive a premium payment. Although Henry alleged in his complaint that he made a payment of "$217, and some change," he failed to produce any evidence supporting that claim. Even if we assume that allegation to be true, he failed to pay the full amount required to keep the policy in effect. Because Henry cannot establish the existence of a valid and enforceable policy at the time of the accident, the trial court properly granted summary judgment to Nationwide.

¶ 19                                III. CONCLUSION

¶ 20    The judgment of the circuit court of Will County is affirmed.

¶ 21    Affirmed.